FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Jun 29, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    4:17-cr-06044-SMJ |
| Plaintiff, | **ORDER DENYING MOTION FOR SENTENCE REDUCTION** |
| v. | |
| KENNETH WILLIAM ALLISON, | |
| Defendant. | |

Before the Court, without oral argument, is Defendant's Motion and Memorandum in Support of Reduction in Sentencing Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 52. Having reviewed the relevant record and finding that Defendant has failed to demonstrate extraordinary and compelling reasons warranting early release from custody, the Court denies Defendant's motion.

## BACKGROUND

On March 16, 2018, Defendant pleaded guilty to one count of traveling with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2422(b). ECF No. 34. On June 8, 2018, this Court sentenced Defendant to 135 months' imprisonment and 25 years' supervised release. ECF No. 47. Defendant is currently housed at FCI Safford in Safford, Arizona with a projected release date of April 29,

ORDER DENYING MOTION FOR SENTENCE REDUCTION – 1

2027. *BOP Inmate Locator*, BOP, https://www.bop.gov/inmateloc/ (last accessed June 27, 2022).

Defendant now seeks compassionate release because of the risks created by the coronavirus (COVID-19) pandemic. ECF No. 52. Defendant, 41, claims to suffer from serious medical conditions, including hypertension, obesity, heart palpitations, and anxiety. *Id.* at 2–5. Defendant also submits that he smoked, presumably cigarettes, for nearly 20 years, though he no longer does. *Id.* at 5.

As of June 27, 2022, FCI Safford has had at least 512 cases of COVID-19, and fortunately no inmates have died. COVID-19 Cases, BOP, https://www.bop.gov/coronavirus/ (last accessed June 27, 2022). BOP currently lists 0 active inmate cases and 1 case among staff. *Id.*

## LEGAL STANDARD

The Court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . ."). The statutory mechanism under which Defendant seeks early release permits a sentence reduction if the Court finds "extraordinary and compelling reasons warrant" such relief. *Id.* § 3582(c)(1)(A)(i). The Court must also consider the sentencing factors provided in 18 U.S.C § 3553(a). 18 U.S.C. § 3582(c)(1)(A). But that provision is only available "upon motion of the Director of the Bureau of

Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

## DISCUSSION

**A.    Defendant exhausted his administrative remedies**

Having reviewed the materials Defendant submitted with his motion for early release, the Court concludes he has satisfied the requirement of administrative exhaustion set out in 18 U.S.C. § 3582(c)(1)(A)(i). Specifically, Defendant sought relief from the warden of his facility on December 1, 2020, and the request was denied the next day. ECF No. 51-1 at 2–3. Defendant again sought relief on December 16, 2020, and this request was denied on December 28, 2020. *Id.* at 4–5. As a result, the Court is satisfied Defendant has met the administrative exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

**B.    Defendant has not demonstrated extraordinary and compelling reasons warranting release**

Turning to the merits of Defendant's request, the Court finds he has failed to establish "extraordinary and compelling reasons" warranting a reduction in his sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Further, the crime of conviction is a serious offense, warranting 135 months of incarceration.

ORDER DENYING MOTION FOR SENTENCE REDUCTION – 3

In support of his motion for compassionate release, Defendant asserts he suffers from several medical ailments, including hypertension, obesity, heart palpitations, anxiety and being a former smoker. ECF No. 52 at 2. These conditions, Defendant contends, severely hamper his ability to provide effective self-care within his correctional facility. *Id.*

First, the Court notes that Defendant's medical records do not fully corroborate the asserted severity of his medical conditions. For instance, Defendant's medical records do not indicate that he has ever reported heart palpitations or anxiety while incarcerated. His records do, however, reveal a history of complaints of hypertension, but he takes medication to adequately manage this risk. *See generally* ECF Nos. 54-1, 54-2, 54-3; *see also United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (affirming district court's conclusion that the defendant's hypertension was not an extraordinary and compelling reason warranting release).

To be sure though, the CDC reports that hypertension, as well as several of the other of Defendant's purported ailments—such as obesity and being a former smoker—put a person at greater risk of suffering from severe illness if they contract COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed June 27, 2022). The CDC also reports that

ORDER DENYING MOTION FOR SENTENCE REDUCTION – 4

persons between the ages of 40 and 49, such as Defendant, are two times more likely to be hospitalized from COVID-19 and ten times more likely to die from the virus. *Risk for COVID-19 Infection, Hospitalization, and Death By Age Group*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations discovery/hospitalization-death-by-age.html (last accessed June 27, 2022).

Given Defendant's age and purported medical conditions, he is rightly concerned about the risk associated with contracting COVID-19. But Defendant's facility currently has no active inmate cases and has enacted safety measures to adequately manage the spread of the virus. Moreover, Defendant articulates no "extraordinary" diagnoses that warrant early release.

Additionally, Defendant has already contracted COVID-19 and has recovered without any apparent complications. ECF Nos. 54-2 at 50; 54-3 at 19. And despite CDC guidance and widespread availability, Defendant has, at least as of the date of his motion, refused the COVID-19 vaccine. ECF No. 52 at 6; *see also* ECF No. 54-2 at 56. Given this, as well as the lack of documentation corroborating the severity of Defendant's purported ailments, the Court finds that Defendant remains able to adequately manage his health conditions while incarcerated. Thus, the Court finds his situation falls short of the "extraordinary and compelling" standard required under 18 U.S.C. § 3582(c).

//

ORDER DENYING MOTION FOR SENTENCE REDUCTION – 5

Finally, the Court must consider the Section 3553(a) factors. Along with the kinds of sentences available and the sentencing range established by the guidelines, Section 3553(a) also instructs the Court to consider:

> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Despite the increased risk posed by the pandemic, the Court concludes that Defendant's sentence continues to reflect the concerning nature and circumstances of the offense and avoids unwarranted sentencing disparities. Defendant seems to be making strides toward rehabilitation, noting his good behavior, job skills, and support system in place for his release. ECF No. 52 at 12–15; *see also* ECF No. 52-2. While the Court commends Defendant for his good behavior during his term of incarceration, that does not erase the nature of his crime. Defendant was apprehended by a law enforcement officer whom Defendant believed was a 13-year-old child and with whom Defendant intended to have sexual relations. This conduct is devastatingly serious, and the Court remains concerned about protecting the most vulnerable members of our society from Defendant.

ORDER DENYING MOTION FOR SENTENCE REDUCTION – 6

As such, the Court finds that Defendant's punishment remains just. Ultimately, the pandemic represents a serious, but not extraordinary and compelling, risk to Defendant, and the sentencing criteria do not favor a reduction in his sentence.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion and Memorandum in Support of Reduction in Sentencing Pursuant to 18 U.S.C. § 3582(c)(1)(A), **ECF No. 52**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the Bureau of Prisons.

**DATED** this 29th day of June 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING MOTION FOR SENTENCE REDUCTION – 7